IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MICHAEL D. VOSS                                                                    PLAINTIFF

vs.                              CASE NO. 4:03CV01003GH

SERVICE EXPERTS OF ARKANSAS, LLC                              DEFENDANT

## ORDER

Plaintiff filed this action alleging that defendant discriminated against plaintiff in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq*, and the Arkansas Civil Rights Act ("ACRA"), Ark. Code Ann. § 16-123-101 *et seq*. when he was terminated from employment on March 22, 2003. Plaintiff also brings a common law action for wrongful discharge. Plaintiff alleges that defendant terminated him in retaliation for having reported incidents of sexual harassment and unethical business practices. Defendant has filed a motion for summary judgment.

Defendant is in the business of sales and service of residential and commercial heating and air conditioning equipment in the central Arkansas area. In 1979, plaintiff formed a company called Voss Central Air, Inc. ("VCA"). He owned and operated that company through 1998, when plaintiff sold certain assets and liabilities of VCA to defendant. In conjunction with the sale, plaintiff became employed by defendant as a residential sales representative and was paid on a commission basis. At the time plaintiff reported to Charles Detherage, who was the residential manager.

Sometime in 1999 or 2000, plaintiff's job duties changed and he moved to commercial replacement sales, still being paid on a commission basis. Detherage continued to be his supervisor. In early 2000, Detherage became the general manager of defendant's North Little Rock Center. In January, 2001, plaintiff was made

-1-

manager of the commercial replacement sales department effective January 1, 2001, with an annual salary of about $83,000.00. His duties were also expanded to manage the residential construction department. Around December 2001, plaintiff took over management of the commercial service department, with the foreman of the residential construction department assuming plaintiff's duties in residential construction.

According to defendant, through 2001, 2002, and early 2003, defendant's profits were decreasing and that in June 2002, Detherage and District Manager Bob Struve developed a plan intended to increase defendant's profitability. The plan included the release of four salaried employees; restructuring of sales department management; increasing sales margins; phasing out the plumbing department; and restructuring methods to acquire new business opportunities.

Plaintiff disputes defendant's assertions, stating that the allegations concerning profitability pertain to defendant's entire Arkansas operations. According to plaintiff, the profits of the North Little Rock Center, where plaintiff worked,, did not drop as much as other areas.

Around June 2002, Detherage decided to remove plaintiff from a management position and return him to sales. When plaintiff returned to sales, his direct supervisor was Jim Monk. Defendant contends that the move to sales was necessitated by the need to improve profitability; plaintiff counters that the move was in retaliation for his having made complaints about sexual harassment and unethical business practices.

Plaintiff states that an individual named Lane Lovett ("Lovett") became manager of residential sales sometime in 2000. According to plaintiff, Lovett made sexually derogatory and inappropriate comments about female employees. Plaintiff

states that from 2000 onward he made numerous complaints to Detherage about Lovett's behavior but that nothing was done.

At the time Detherage moved plaintiff to sales, Detherage told plaintiff that at some future time his salary would be discontinued and he would need to go on commission. Plaintiff states that Detherage did not specify when this change would occur and that plaintiff believed that once on commission he would be provided with a true source of leads to generate his commission. Plaintiff contends that rather than being provided leads, leads were withheld or diverted from plaintiff in retaliation for plaintiff's complaints of sexual harassment by Lovett.

Around December 26, 2002, plaintiff telephoned defendant's corporate office "hotline" to complain about the hostile work environment and unethical business practices. He met with Debra Rose, defendant's Human Resources Manager, in Memphis, Tennessee on January 16, 2003. ln addition to the complaints of sexual harassment by Lovett and unethical business practices, plaintiff contends that he complained of defendant's retaliatory actions against him for reporting the problems.

According to plaintiff, on January 22, 2003, Monk informed plaintiff that his salary would be ended and that he would be on a 100% commission. Plaintiff asserts that Monk was acting pursuant to Detherage's instruction, and that the date this would become effective was not specified.

In January 2003, Bill Dziurawiec assumed the position of District Manager over defendant's district that included the North Little Rock Center. Dziurawiec was assigned the task of improving the North Little Rock Center's profitability. Defendant asserts that as part of this task, Dziurawiec and Detherage met with plaintiff on March 22, 2003, to discuss changes in plaintiff's compensation. Specifically, Dziurawiec informed plaintiff that his compensation would be switched to straight commission and that his $83,000.00 salary would cease.

Plaintiff would not agree to the commission only compensation proposal and he was terminated.

Defendant contends that it is entitled to summary judgment because plaintiff can offer no material facts in dispute to establish that his termination was in retaliation for any action he had taken.

Retaliation claims under Title VII and the ACRA are analyzed the same. *See Davis v. KARK-TV, Inc.*, 421 F.3d 699, 703-04 (8th Cir. 2005), *Island v. Buena Vista Resort*, 352 Ark. 548, 557 (2003)  To establish a prima facie case of retaliation, plaintiff must show that he was engaged in a statutorily protected activity, that defendant took an adverse employment action against him, and that there was a causal link between the two actions. *Wallace v. Sparks Health Sys.*, 415 F. 3d 853, 858 (8th Cir. 2005). Once plaintiff establishes a prima facie case, the burden shifts to defendant to articulate a legitimate, nondiscriminatory reason for its actions.   If defendant does so, plaintiff must show that defendant's reason was pretextual. *Turner v. Gonzales*, 421 F. 3d 688, 696 (8th Cir. 2005).

There is no doubt that plaintiff's complaints of unethical business practices are not protected activities under Title VII or the ACRA. *See* 42 U.S.C. §  2000e-3(a) (unlawful to retaliate against any employee who opposed a practice made unlawful by Title VII). Defendant concedes that plaintiff's complaints of sexual harassment and a hostile work environment rise to the level of protected activity and that he suffered an adverse employment action.

Defendant contends, however, that plaintiff has presented no evidence to connect the decision to terminate him to his complaint of a hostile work environment. Defendant notes that plaintiff made a complaint in December, 2002, and that the decision to terminate him did not occur until three months later when plaintiff refused to accept the commission position.  Defendant states that plaintiff already knew in

June, 2002, well before the December complaint, that he would not be able to keep his salaried position. Other actions of which plaintiff complained, such as the denial of leads, also occurred well before the December complaint. Defendant argues that the temporal connection between the protected conduct and the adverse action is insufficient to create a genuine issue of fact on causation. *See Cheshewalla v. Rand & Son Constr. Co.*, 415 F. 3d 847, 852 (8th Cir. 2005) (generally more than temporal connection between protected conduct and adverse employment action is required to present genuine factual issue on retaliation).

Defendant further argues that even if plaintiff could establish a prima facie case of discrimination, defendant has articulated a legitimate business reason for plaintiff's termination, that is plaintiff was to be compensated on a straight commission basis as part of defendant's move to restore profitability. Plaintiff cannot, defendant asserts, establish pretext.

The Court disagrees. There is evidence in the record that plaintiff and other employees complained from as early as 2000 to Detherage about Lane's inappropriate and sexually harassing behavior, that Detherage knew of Lane's conduct, and that he did nothing. There is a question not only of whether defendant's termination of plaintiff was in retaliation for these complaints but also whether defendant engaged in other retaliatory conduct, such as the denial of leads and plaintiff's demotion from manager to salesperson.

There is nothing in the record to refute plaintiff's assertions that he made complaints to Detherage prior to December 2002. Indeed, Debra Rose, the Human Resources person who investigated plaintiff's December 2002, hotline complaint did not even interview Detherage. However, even assuming that plaintiff did not complain of sexual harassment until December 2002, there is still a question of whether defendant's refusal to consider any other method of compensation other than

-5-

commission was in retaliation for the complaint.  There is evidence that other pay schemes were offered to other employees, that is a salary and commission. For example, Mark England replaced plaintiff and was paid a salary plus commission When Matthew Lea became Project Manager in 2003, he was on salary.  While defendant argues that Lea's and England's circumstances are distinguishable from that of plaintiff's, the Court cannot find so as a matter of law.

Additionally, there is a question of how much Dziurawiec knew of the sexual harassment complaints and what influence Detherage had in the decision to place plaintiff on commission.

In sum, the Court cannot find that defendant is entitled to summary judgment on the Title VII and ACRA claims.

Under Arkansas law, an at-will employee, as plaintiff was, can be discharged without cause and at-will.  However, an at-will employee cannot be terminated if he is fired in violation of a well-established public policy of the state.  *Sterling Drug, Inc. v. Oxford*, 294 Ark. 239 (1988).   Being retaliated against for complaining of sexual harassment and unethical business practices "likely would violate public policy." *See Wallace*, 415 F. 3d at 861.  Thus, the Court finds that defendant is not entitled to summary judgment on the wrongful discharge claim.

Defendant has filed a motion for an order declaring that defendant's Local Rule 56.1 statement is admitted and to strike plaintiff's Local Rule 56.1 statements. According to defendant, plaintiff's Local Rule 56.1 statement did not comply with the requirement that the responding party repeat verbatim the moving party's statement, and that the responses did not adequately controvert the statements.

The Court has reviewed the statement and response.  It is clear that plaintiff's responses sufficiently controvert the statements set forth by defendant.  Furthermore, plaintiff's failure to repeat the statements verbatim is a minor technicality, one which

does not warrant the type of drastic relief requested by defendant. Thus, defendant's request is denied.

Defendant has also filed a motion in limine. Defendant seeks to exclude Marijean Voss as a witness as she was never identified as a witness prior to plaintiff filing his Pretrial Disclosure Sheet and Witness and Exhibit list. Plaintiff states that Voss, who is his wife, was at one time the human resources manager for defendant. He says that she was mentioned in his deposition of October 6, 2004, and that defendant should not claim that it would be surprised by her existence as a potential witness.

The reference in the deposition is cursory. There is nothing to indicate that defendant should have been aware that plaintiff would use her as a witness. Plaintiff first listed Voss as a witness in his pretrial disclosure sheet filed on September 2, 2005. Defendant did not file the motion in limine until one month later. Defendant had sufficient time before trial to have requested that discovery be reopened for the purpose of deposing Voss. The Court will not exclude her testimony but will give defendant an opportunity to meet with Voss prior to her testifying.

Defendant also seeks the exclusion of Patrick Mackey, one of plaintiff's witnesses, because plaintiff did not provide a good address for him. Defendant tried unsuccessfully to serve a subpoena for deposition on Mackey. On August 2, 2005, prior to discovery cutoff, defense counsel wrote to plaintiff's counsel requesting a new address for Mackey but plaintiff's counsel did not respond to the letter.

Plaintiff states that defendant could have easily obtained Mackey's address through a search on the Internet. While plaintiff's counsel should have responded to the letter, the failure of defendant to obtain a good address and depose Mackey cannot be blamed on plaintiff. Thus, the Court will not exclude Mackey as a witness.

Defendant seeks to exclude evidence relating to an age discrimination claim filed against defendant by Alton Buck. The Court is not persuaded that this evidence is relevant, but that the introduction of it would tend to confuse, rather than assist, the jury. The Court therefore will preclude plaintiff from introducing evidence about Buck's age discrimination claim.

Plaintiff agrees not to introduce evidence regarding Lane Lovett's wife's bankruptcy and defendant's request with respect to this is moot.

Defendant seeks to exclude evidence of telephone conversations between Lovett and his wife which would purportedly reflect negatively on his character. The Court cannot find, at this time, that such evidence is irrelevant. The Court will be in a better position to determine its relevancy and admissibility at the time it is offered at trial. Therefore, defendant's request is denied without prejudice to renew.

Plaintiff does not intend to offer evidence regarding Jerry Clayton's DWI offenses and therefore defendant's request with regard to that is moot.

Defendant seeks to exclude evidence that Detherage maintained a system whereby he overheard employees' conversation. This evidence may be relevant to plaintiff's retaliation claim. The Court, however, will be in a better position to determine its relevancy and admissibility at the time it is offered at trial. Therefore, defendant's request is denied without prejudice to renew.

Accordingly, defendant's motion for summary judgment is denied; defendant's motion for an order declaring that defendant's Local Rule 56.1 statement is admitted and to strike plaintiff's Local Rule 56.1 statement is denied; defendant's motion in limine is denied in part and granted in part.

IT IS SO ORDERED this 20th day of October, 2005.

*George Howard, Jr.*
UNITED STATES DISTRICT JUDGE